Missouri Pacific Rd. Co., Thompson, Trustee, *v.* Davis.

4-5312                                          122 S. W. 2d 546

Opinion delivered December 19, 1938.

*R. E. Wiley* and *Richard M. Ryan,* for appellant.

*Thomas E. Toler* and *Kenneth C. Coffelt,* for appellee.

HUMPHREYS, J. Appellee brought suit in the circuit court of Saline county against appellants to recover damages in the sum of $3,000 for personal injuries received by her while assisting C. C. Toll, an employee of appellants, lifting at his request, a motor-car on the railroad track of appellants near Traskwood.

The negligence alleged was that while she and her son-in-law, John Dixon, were assisting said employee in turning the motor-car around and replacing it on the track, C. C. Toll gave it a sudden shove or jerk without warning to her, which caused her to either slip or catch her foot on a tie or rail and twist her ankle and strain her back, shoulder and right side, thereby painfully injuring her.

Appellants filed an answer denying that C. C. Toll had authority to request appellee to assist him in lifting the motor-car back on the track or that an emergency existed from which such authority to make the request might be implied.

The cause was submitted to a jury upon the pleadings, evidence and instructions of the court resulting in a verdict and consequent judgment for $100 against appellants, from which is this appeal.

The evidence, stated in the most favorable light to appellee, is, in substance, as follows: On May 20, 1936, in the daytime, C. C. Toll had taken the motor-car off the track to allow a train to pass and it rolled down a slight embankment; that she and her son-in-law were going up the railroad to see the foreman about her yearling that had been killed in the operation of one of their trains; that when they arrived at the point where the motor-car was, she inquired of Toll where the section foreman could be found and was informed that the foreman was in Benton; that after explaining to Toll that her heifer had been killed, he requested them to help him lift the motor-car back on the track, and said he would let them ride down to the mile post where her yearling was killed, and he would turn the information in to the office for her; that he told them where to take hold of the motor-car to help him, and when they lifted the car "her foot 'kinda' got tangled up with the rail and twisted in her shoe, and when this happened it gave her a wrench and twisted and wrenched her shoulder" which caused her much pain and suffering for many months; that after her injury they rode down to the mile post and Dixon showed Toll where the yearling was killed and Toll got on the motor-car and went down the track toward Malvern; that she did not fall or turn the car loose, but got blind; that the others did not stumble or turn the motor-car loose. No evidence was introduced tending to show that Toll shoved or jerked the motor-car during the time appellee and her son-in-law were helping Toll lift it on the track. The weight of the motor-car is not disclosed by the evidence. Appellee testified that it was heavy, but Dixon swore it was not very heavy. The undisputed evidence showed that when operating the car one person lifted it off and on the track.

Two questions are involved in this appeal the first being whether there is any substantial evidence showing that an emergency existed that warranted or justified

appellants' employee in requesting or employing appellee in lifting the motor-car back on the rails and, if so, the second being whether the employee was guilty of any negligent act which caused the injury complained of.

(1). The general rule is that a servant has implied authority to employ or request assistance to perform a duty where an emergency or exigency arises requiring immediate action to protect the interest of a master. *Henry Quellmalz Lbr. & Mfg. Co.* v. *Hays,* 173 Ark. 43, 291 S. W. 982; *Booth & Flynn* v. *Price,* 183 Ark. 975, 39 S. W. 2d 717, 76 A. L. R. 957.

There is no substantial evidence in this record tending to show that there was any pressing or immediate necessity for lifting this motor-car back on the rails to protect the interests of appellants. We, therefore, conclude that appellee was a volunteer and assumed the risk incident to the assistance she rendered.

(2). There is no substantial evidence in the record showing that C. C. Toll was guilty of any act of negligence that caused appellee to catch the heel of her shoe on the rail so as to twist her foot and wrench her shoulder and back. It was alleged in the complaint that Toll shoved or jerked the motor-car when she was helping lift or pull it on the rails, but neither she nor her son-in-law testified that he shoved or jerked it while lifting it on the rails.

In order to recover, the burden was upon appellee to prove by a preponderance of the evidence that such an emergency had arisen as would call for her assistance in the matter, and that C. C. Toll was guilty of some act of negligence that was a proximate cause of her injury. There is no substantial evidence in the record to support the verdict of the jury finding that such emergency had arisen or that Toll was guilty of negligence. The court should have instructed a verdict for appellants on the record made in accordance with the request of appellants to do so, and, as the case has been fully developed, the judgment is reversed, and the cause is dismissed.